TRETSCHOK, McNAMARA, & MILLER, P.C.
attorneys at law
2606 East 10th Street • P.O. Box 42887 • Tucson, AZ 85733-2887 • tel 520.622.2833 • fax 520.792.2417

J. PATRICK BUTLER
State Bar No. 4792
Tretschok, McNamara & Miller, P.C.
Attorneys for Plaintiffs
2606 E. 10th St.
P.O. Box 42887
Tucson, AZ 85733
Tel:(520) 622-2833. Fax: (520) 792-2417
jpbutler@tmpclaw.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA
~~SUPERIOR COURT FOR THE STATE OF ARIZONA~~

~~IN AND FOR THE COUNTY OF PIMA~~

JOSE R. PEREZ; AND CONTINENTAL CASUALTY CO., INC.
~~JOSE R. PEREZ AND ELISA PEREZ, HUSBAND AND WIFE; AND CONTINENTAL CASUALTY CO., INC.~~

Plaintiffs

vs.

BOSTON SCIENTIFIC, INC.,

Defendant

CASE NO: 4:14-cv-01996-TUC-JAS

FIRST AMENDED COMPLAINT

(PRODUCT LIABILITY; NEGLIGENCE; FAILURE TO WARN)
~~COMPLAINT~~

~~(PRODUCTS LIABILITY NEGLIGENCE PERSONAL INJURY BREACH OF WARRANTY BREACH OF CONTRACT)~~

Assigned to: The Hon.James A. Soto

Come now the Plaintiffs and for their causes of action, allege as follows:

**JURISDICTION AND VENUE**

I.

Plaintiff~~s~~ Jose R. Perez, at all times alleged herein, ~~were and are husband and wife and residents~~ is a resident of Tucson, Arizona, Pima County, Arizona. Plaintiff (hereinafter "Continental") Continental Casualty Company, Inc. is a corporation at all times alleged herein

TRETSCHOK, McNAMARA, & MILLER, P. C.
attorneys at law
2606 East 10th Street • P.O. Box 42887 • Tucson, AZ 85733-2887 • tel 520.622.2833 • fax 520.792.2417

doing business in Pima County, Arizona. The events alleged herein out of which these causes of action arose occurred in Pima County, Arizona. ~~Venue and jurisdiction in Pima County, Arizona are proper.~~

II.

Defendant Boston Scientific, Inc. (hereinafter, "Boston Scientific") is incorporated under the laws of Delaware with its principal place of business in Massachusetts. ~~a foreign corporation which at all times alleged herein was and is doing business in Pima County, Arizona.~~

III.

This court has jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship between the parties and the amount in controversy exceeding $75,000, excluding interests and costs.

~~Defendant Boston Scientific caused an act or series of acts to occur in the State of Arizona out of which these causes of action arise. The warranty, contract, and agreement for payment were entered into in Pima County, Arizona.~~

IV.

Defendant has transacted business in Arizona and is thus subject to personal jurisdiction in Arizona. Defendant has also voluntarily appeared.

~~Plaintiff José Perez has chronic pain and complex regional pain syndrome. His treating physician, Randall S Prust, M.D. prescribed and implanted a neurostimulator device for management of Mr. Perez's pain. The device was manufactured, distributed or sold by Boston Scientific, or a predecessor corporation acquired by Boston Scientific, and/or an agent or subsidiary of Boston Scientific.~~

## FACTUAL BACKGROUND

V.

TRETSCHOK, McNAMARA, & MILLER, P. C.
attorneys at law
2606 East 10th Street • P.O. Box 42887 • Tucson, AZ 85733-2887 • tel 520.622.2833 • fax 520.792.2417

Defendant develops and manufacturers neurostimulator devices.

The Boston Scientific neurostimulator device was produced, manufactured, distributed, and placed in commerce with the knowledge and intent that it would, could or may eventually be sold and utilized in the state of Arizona.

VI.

Plaintiff Jose Perez has chronic back pain and complex regional pain syndrome. His treating physician, Randall S Prust, M.D. prescribed and implanted a Precision Spinal Cord Stimulator (hereinafter "stimulator") for management of Mr. Perez's pain on July 25, 2007. Plaintiff Continental paid for the surgery and Perez's recovery.

The Boston Scientific neurostimulator device was implanted in Mr. Perez on or about July 25, 2007. The device failed, requiring Dr. Prust to extract and replace the device on March 22, 2012.

VII.

The stimulator implanted on July 25, 2007 was manufactured, distributed, or sold by Boston Scientific, a predecessor corporation acquired by Boston Scientific, or an agent or subsidiary of Boston Scientific.

The device failed and did not work properly or in accordance with the manufacturer's brochures, warranties, contractual provisions and representations.

VIII.

The stimulator received Food and Drug Administration (hereinafter "FDA") preapproval in April, 2004 as a Class III medical device. Pursuant to FDA regulations, Boston Scientific is required to report problems with stimulators to the FDA.

Defendant Boston Scientific is liable in its capacity for manufacturing, selling, marketing, distributing, designing and/or placing in the stream of commerce the neurostimulator device which was defective and hazardous.

TRETSCHOK, McNAMARA, & MILLER, P. C.
attorneys at law
2606 East 10th Street • P.O. Box 42887 • Tucson, AZ 85733-2887 • tel 520.622.2833 • fax 520.792.2417

IX.

The stimulator failed, requiring Dr. Prust to extract and replace the device on March 22, 2012. Dr. Prust then turned over the failed stimulator to a representative of Boston Scientific. Plaintiff Continental paid for the replacement, the surgery, and the recovery.

~~Defendant Boston Scientific failed to warn Mr. Perez of the dangers and defects of the neurostimulator device. Defendant Boston Scientific failed to provide Mr. Perez with sufficient knowledge, information or warning, as to what would be a reasonably safe manner in which to utilize the device. Defendant Boston Scientific failed to adequately warn Mr. Perez of the defects and dangers of the device. Defendant Boston Scientific failed to inform Mr. Perez of the failures of such device.~~

X.

The stimulator was subject to five recalls around the time of the original implantation that may have been related to the defect that caused the stimulator to fail. Because they are not in possession of the stimulator, Plaintiffs are unable to evaluate if any of the recalls apply to the stimulator.

~~Defendant Boston Scientific was or should have been aware of the dangers and defects in the device and failed to warn Mr. Perez of the same. Defendant's conduct was negligent and caused personal injury to Mr. Perez, entitling him to damages for pain and suffering, disability, lost earnings, and further damages as more fully described below.~~

**COUNT ONE**

**FAILURE TO WARN BASED ON 21 C.F.R. § 814.20(b)(6)(ii), 21 C.F.R. § 814.82(a)(2), and ARIZONA COMMON LAW**

XI.

Plaintiffs reference each paragraph of the statement of facts to this count.

TRETSCHOK, McNAMARA, & MILLER, P. C.
attorneys at law
2606 East 10th Street • P.O. Box 42887 • Tucson, AZ 85733-2887 • tel 520.622.2833 • fax 520.792.2417

~~Defendant Boston Scientific designed, produced, manufactured, marketed, sold and/or otherwise put into the stream of commerce this neurostimulator device which was used for its intended purpose, and such device was defective and not reasonably suited for the purpose and uses for which it was intended, and was unreasonably dangerous for its intended use. Further, Defendant failed to give the user of the device adequate warning of its dangers. As a result of these actions, Defendant is strictly liable for injuries caused by its defective product.~~

XII.

During the preapproval process, Defendants owed the FDA a duty to report any defects or potential side effects of the stimulator.

~~Defendant Boston Scientific was a merchant of the neurostimulator device, and in connection with the manufacture, design, assembly, sales, supply, delivery, handling, marketing, advertising, sale and instructing in the use of the product, Defendant warranted, either expressly or impliedly, that its product was merchantable and fit for the ordinary purpose for which it was intended, including to implant and use in human beings. Defendant breached the express and implied warranties under all applicable Arizona laws.~~

XIII.

Defendant owed the FDA a continuing duty to report any complaints with any stimulator's performance and any adverse health consequences attributable to the product of which it became aware after preapproval was granted.

~~Defendant misrepresented material facts concerning the character or quality of its neurostimulator device upon which Mr. Perez or his doctors relied, and therefore Defendant is liable to Plaintiff Perez for damages caused by such misrepresentations.~~

XIV.

Consistent with its duties to the FDA, Defendant owed Plaintiffs a duty, under Arizona law, to warn Plaintiffs or the FDA, as a party that would likely inform Plaintiffs of the warning, of any problems with the stimulator.

TRETSCHOK, McNAMARA, & MILLER, P.C.
attorneys at law
2606 East 10th Street • P.O. Box 42887 • Tucson, AZ 85733-2887 • tel 520.622.2833 • fax 520.792.2417

Plaintiff Continental Casualty Company, paid for the defective neurostimulator device produced by Defendant Boston Scientific, and paid for its implantation in Mr. Perez to help with his chronic pain. Plaintiff Continental Casualty Company also paid for the removal of the defective device from Mr. Perez. Boston Scientific has breached the expressed and implied terms of the agreement with Continental Casualty Company to provide a properly functioning and defect free neurostimulator device. Defendant Boston Scientific has breached the terms and conditions of the expressed or implied warranty with Plaintiff Continental Casualty Company to provide it a properly working and defect free neurostimulator device for its insured, Mr. Perez.

XV.

This duty, when breached, may be remedied with monetary damages under Arizona law.

Plaintiff Jose R. Perez is entitled to damages which include but are not limited to his pain and suffering inflicted by the defective device and in the implantation and removal of the device, for his lost earnings and other income benefits, the emotional distress inflicted on him as a result of the defective product, for his reasonable medical expenses, lost earnings and hedonic damages past, present and future. Plaintiff Elisa Perez is entitled to her damages for loss of consortium. Additionally, Plaintiffs Perez seek interest on any liquidated damages, for their costs and attorneys' fees as permitted by law, including those that may be permitted under A.R.S. §12 – 341.01, and for such other and further relief as to the court or jury seem just and reasonable and are permitted under the law.

XVI.

As a direct result of Defendant's failure to warn of the defect and failure to comply with FDA regulations, Plaintiff Perez was implanted with the stimulator, was unnecessarily subjected to continued pain and discomfort, and was forced to undergo invasive replacement surgery. As a direct result of the same failure, Plaintiff Continental paid for both surgeries, both devices, and Perez's recovery.

TRETSCHOK, McNAMARA, & MILLER, P. C.
attorneys at law
2606 East 10th Street • P.O. Box 42887 • Tucson, AZ 85733-2887 • tel 520.622.2833 • fax 520.792.2417

Plaintiff Continental Casualty Company is entitled to its damages for the costs of purchasing the device, implanting the device, and removing and replacing the device, for interest thereon from the date such damages accrued, for associated benefits paid to Mr. Perez as a result of the removal and replacement, and its costs incurred herein including attorneys' fees pursuant to A.R.S. §12 – 341.01, and for such other and further relief as to the court or jury seem just and reasonable and permitted under the law.

XVII.

Because Defendant, or Defendant's agent, took custody of the device after its surgical replacement in March, 2012, Plaintiff is unable to fully evaluate the defect that caused the necessity of the stimulator's replacement and whether Defendant met or breached its duty by reporting the defect to the FDA during or after the device's preapproval. Where crucial evidence is unavailable because of the actions of the Defendant made when the Defendant knew that the evidence may be relevant to litigation, it is commonplace that the court grants an inference adverse to the party responsible for its loss. The loss or destruction of the evidence need not be in bad faith to warrant such sanctions.

XVIII.

Plaintiffs Jose R. Perez and Continental Casualty Company, Inc. demand judgment in their favor and against the Defendant, Boston Scientific, in an amount in excess of $75,000, plus costs.

XIX.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues in this case.

RESPECTFULLY SUBMITTED: September 30, 2014.March 19, 2014.

TRETSCHOK, McNAMARA, & MILLER, P. C.
attorneys at law
2606 East 10th Street • P.O. Box 42887 • Tucson, AZ 85733-2887 • tel 520.622.2833 • fax 520.792.2417

TRETSCHOK, MCNAMARA & MILLER, P.C.

By__________________________________
J. Patrick Butler
Attorneys for Plaintiffs